UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO R. HERNANDEZ, Plaintiff, vs. G. GONAZELZ, B. LOMBOY, A. SALAZAR, A. HERNANDEZ, Defendants. | Case No.: 3:26-cv-2769-WQH-LR<br><br>**ORDER: (1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS IN THIS ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) WITH THE EXCEPTION OF THE EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS GONZALEZ, LOMBOY, SALAZAR AND HERNANDEZ, and**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE COMPLAINT AND SUMMONS ON DEFENDANTS GONZALEZ, LOMBOY, SALAZAR AND HERNANDEZ PURSUANT TO 28 U.S.C. § 1915(d) & FED. R. CIV. P. 4(c)(3)** |

Plaintiff Francisco R. Hernandez is a state inmate proceeding pro se and in forma pauperis in this civil rights action. On September 16, 2026, the Court screened his

Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and concluded the Complaint stated plausible Eighth Amendment excessive force claims pursuant to 42 U.S.C. § 1983 against Defendants Gonzalez, Lomboy, Salazar and Hernandez. *See* ECF No. 5. The Court, however, found Plaintiff failed to state a plausible due process claim under 42 U.S.C § 1983 or any claim under 42 U.S.C. §§ 1985 and 1986. *See id.* at 6–9. Plaintiff also failed to state any claim against the other defendants named in the Complaint—Acevedo, Ortiz, Escalera, Fields, Maciel, Soto, Amaya, Reyes and Martinez. *See id.* at 10.

As such, the Court gave Plaintiff the option to either: (1) notify the Court of his intent to proceed with his Eighth Amendment excessive force claims against Defendants Gonzalez, Lomboy, Salazar and Hernandez only; or (2) file a First Amended Complaint that attempts to correct the deficiencies of pleading identified in the Court's screening Order. *See id.* at 10–11. Plaintiff was instructed that if he decided to proceed only with his excessive force claims, the Court would issue an Order directing the U.S. Marshal to effect service of the summons and Complaint on Defendants Gonzalez, Lomboy, Salazar and Hernandez and dismiss all remaining claims and Defendants. *Id.*

October 6, 2026, Plaintiff filed a Notice of his intent to proceed with his Eighth Amendment excessive force claims against Defendants Gonzalez, Lomboy, Salazar and Hernandez only, and to accept dismissal of the remaining claims and Defendants. *See* ECF No. 6.

**Conclusion and Order**

Accordingly, good cause appearing, the Court:

1. **DISMISSES** all claims against all Defendants in the Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without further leave to amend, with the exception of the Eighth Amendment excessive force claims against Defendants Gonzalez, Lomboy, Salazar and Hernandez, as set forth in the Court's September 16, 2026, Order.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendants Gonzalez, Lomboy, Salazar and Hernandez and forward it to Plaintiff

along with blank U.S. Marshal Forms 285 for Defendants Gonzalez, Lomboy, Salazar and Hernandez. The Clerk will provide Plaintiff with certified copies of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Forms 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Gonzalez, Lomboy, Salazar and Hernandez as directed by Plaintiff on the USM Forms 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint, as to the surviving Eighth Amendment excessive force claims, and any subsequent pleading Plaintiff files in this matter in which Defendants are named as parties within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

5. **ORDERS** Plaintiff, after service, to serve upon Defendants Gonzalez, Lomboy, Salazar and Hernandez, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk: (1) a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or Defendants' counsel, and (2) the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk

of Court or which fails to include a Certificate of Service upon Defendants or Defendants' counsel may be disregarded.

**IT IS SO ORDERED**.

Dated: 11/2/2026

Hon. William Q. Hayes
United States District Court